IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY RONALD LAND, | : | CIVIL ACTION |
| | : | NO. 16-4045 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| NANCY A. BERRYHILL, ACTING | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

# O R D E R

**AND NOW**, this **31st** day of **January, 2018,** upon review

of the objections to the Report and Recommendation of United

States Magistrate Judge Carol Sandra Moore Wells and the

response thereto (ECF Nos. 12, 13, 15), it is hereby **ORDERED**

that:

(1) Defendant's objections (ECF No. 13) are

**OVERRULED;**[1]

---

[1] The Court has carefully considered Defendant's
objections to Judge Wells' Report and Recommendation ("R&R") and
Plaintiff's response to the objections. There is no need to
repeat the history or facts of this case as Judge Wells' R&R has
adequately relayed that information.

The Court concludes that Judge Wells has correctly and
adequately addressed Defendant's arguments, and, thus, adopts
her R&R. Nonetheless, reviewing the issues raised in Defendant's
objections de novo, Cont'l Cas. Co. v. Dominick D'Andrea, Inc.,
150 F.3d 245, 250 (3d Cir. 1998), the Court further concludes
that:

a. The ALJ erred by failing to include in his RFC

determination and the hypothetical given to the VE the credibly established and unrefuted limitation that Plaintiff required the use of a cane. The RFC and hypothetical must include all limitations supported by the record. Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). The ALJ clearly failed to include all limitations.

The Court disagrees that this error was harmless. As stated by Judge Wells, "[i]t is clear from the VE's testimony that the degree of reliance on a cane and the tolerance for sitting are important components of the jobs identified by the VE as appropriate for the ALJ's hypothetical individual. The omission of the individual's reliance on a cane, therefore, was not harmless error." ECF No. 12 at 20.

b.      The ALJ erred in his assessment of the uncontroverted opinion of treating physician, Dr. Gregory Fino. The ALJ gave little weight to the opinion of Dr. Fino, which was the only medical opinion in the record. An ALJ "'cannot reject evidence for no reason or for the wrong reason.'" Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999) (quoting Mason v. Shalala, 994 F.2d 1058, 1066 (3d Cir. 1993)). Here, as described by Judge Wells, the ALJ did not adequately explain how Dr. Fino's opinion was inconsistent with his contemporaneous treatment notes, which was a basis the ALJ provided for giving the opinion little weight.

Moreover, the Court agrees with Judge Wells' assessment that the ALJ impermissibly substituted his own lay opinion for that of Dr. Fino's. See id. (providing that "an ALJ may not make speculative inferences from medical reports" and "is not free to employ her own expertise against that of a physician who presents competent medical evidence"). Specifically, without supporting evidence, the ALJ made a lay assumption that Dr. Fino should have sent Plaintiff to a specialist or engaged in a different course of treatment. Regardless of whether this was the case, the ALJ is not qualified to opine on such matters.

c.      The ALJ erred by not considering Plaintiff's obesity. The Commissioner takes issue with Judge Wells' conclusion that although the ALJ's failure to discuss Plaintiff's obesity in conjunction with his musculoskeletal impairments pursuant to SSR 02-01p was harmless error, the ALJ should, nonetheless, address the error on remand. The Court agrees that the error was

(2)   The Court **APPROVES** and **ADOPTS** Judge Wells' Report and Recommendation (ECF No. 12);

(3) Plaintiff's Request for Review (ECF No. 8) is **GRANTED in part and DENIED in part**.  The Request for Review is **GRANTED** to the extent that it seeks a reversal of the Commissioner's decision denying Plaintiff's claim for disability insurance benefits.  The Request for Review is **DENIED** to the extent it seeks a determination by this Court that Plaintiff is entitled to social security benefits;

(4)   The Commissioner's decision denying Plaintiff's claim for benefits is **VACATED**;

---

harmless in that Plaintiff did not raise obesity as a basis for disability. Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005). However, while the Court would not remand on this error alone, it is still an error, and errors should be corrected. Here, the ALJ will address the error on remand.

d.    Finally, the Commissioner disagrees with Judge Wells that the ALJ should reconsider on remand his assessment of the credibility of Plaintiff's testimony. Judge Wells provided that "Dr. Fino's opinion is corroborative of Plaintiff's statements and, if it were to be accorded more weight, the ALJ's assessment of Plaintiff's credibility could change also." ECF No. 12 at 23. The Commissioner contends that because the ALJ's assessment of Dr. Fino was correct, there is no need to reweigh Plaintiff's testimony. In that the Court agrees with Judge Wells that the ALJ failed to adequately address Dr. Fino's opinion, the Court also agrees that the ALJ must reassess his determinations regarding the credibility of Plaintiff's assertions.

(5) This matter is **REMANDED** to the Commissioner of Social Security in accordance with the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent with the Report and Recommendation; and

(6) The Clerk of Court shall remove this case from suspense and mark the case as **CLOSED**.

**AND IT IS SO ORDERED.**

_____
EDUARDO C. ROBRENO,    J.